**TRI-STATE TIRE SERVICE, INC., and Thornton G. Dewey, Appellants,**

v.

**GATES RUBBER COMPANY SALES DIVISION, Inc., Appellee.**
**No. 21132.**

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1964.

Harris E. Lofthus, Amarillo, Tex., Gary Shores and Blumenthal & Gray, Oklahoma City, Okl., for appellants.

Ben H. Stone, Jr., Amarillo, Tex., Stone & Stone, Amarillo, Tex., for appellee.

Before BROWN and WISDOM, Circuit Judges, and ESTES, District Judge.

PER CURIAM:

In a lengthy trial before the Court, appellee, Gates Rubber Company Sales

Division, Inc., recovered judgment for $58,399.56 in a suit on an open account for rubber materials and merchandise used in tire retreading, against appellant Tri-State Tire Service, Inc., a local dealer-distributor, and its president, appellant Thornton Dewey, as surety. Tri-State admitted the account and asserted a cross-action seeking damages for fraudulent misrepresentation of the quality of products it purchased from Gates.

Appellants here assert that the trial court erred in: (1) denying a jury trial; (2) allowing interest under Art. 5070, R.C.S.Tex., beginning January 1, 1961, rather than January 1, 1962, and allowing interest during the time the case was under advisement awaiting decision by the trial court; (3) rendering judgment against Thornton Dewey as surety; and (4) denying recovery of damages on Tri-State's cross-action.

■ Tri-State's oral jury demand, made more than seven months after the action and cross-action were filed, came too late. Rule 38, F.R.Civ.P. The trial court did not abuse its discretion under Rule 39(b), F.R.Civ.P., in denying a jury trial.

■■ Art. 5070 answers Tri-State's contention that interest beginning January 1, 1961, was not properly allowed on the amount accrued on open account prior to that date. The statute provides:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent per annum shall be allowed * * * on all open accounts, from the first day of January after the same are made."

Likewise, the asserted error in allowing interest during the period between the conclusion of the trial and the entry of the judgment is without merit.

With respect to appellant Dewey's contention that the court erred in rendering judgment against him as surety, the parties in their briefs agree that Dewey executed the surety agreement involved on July 29, 1960 (instead of August 24, 1960 as inadvertently found by the trial court).

■ Dewey argues that the execution of the Warehousing Agreement between Gates and Tri-State on August 24, 1960 changed Tri-State's obligation to pay Gates for merchandise when due on open account to an obligation to pay under the terms of the Warehousing Agreement, thereby relieving Dewey of the obligations of his surety agreement with Gates. This contention is refuted by the surety agreement itself. It provides:

"In consideration of * * * (Gates Rubber Company Sales Division, Inc.) selling on open account terms to * * * (Tri-State Tire Service, Inc., dealer) * * * I hereby become surety for payment to you * * * promptly as the same become due, of all amounts now or hereafter owing you by * * * (this dealer) and promise said amounts will be so paid. I consent to your granting this dealer such extensions of time or changes in the terms of payment as seem advisable to you and that you may accept partial payments."

Moreover, there is nothing in the Warehousing Agreement inconsistent with Tri-State's obligation to pay Gates for merchandise purchased as payment became due on open account.

■ The record reflects that Dewey negotiated and executed both the surety agreement (binding himself) and the Warehousing Agreement (as president of Tri-State) as integral parts of one overall dealership arrangement. Dewey was not a mere third party surety for Tri-State; he was its president and principal stockholder. By his negotiations for and execution of both agreements, he has consented to all undertakings embodied therein. The judgment against him was correct.

■ Finally, after hearing evidence for more than a week on Tri-State's cross-action for fraud, the trial court made findings and conclusions, amply supported in the record, against Tri-State.

No cross-appeal was taken from that part of the judgment below which denied recovery to Gates on its additional $29,700.00 claim against Tri-State for merchandise consigned under the Warehousing Agreement.

There being no error in the record, the judgment of the trial court is

Affirmed.