**DELTA STEAMSHIP LINES, INC.**

**v.**

**NATIONAL MARITIME UNION OF AMERICA, AFL–CIO.**

**Civ. A. No. 13586.**

United States District Court
E. D. Louisiana,
New Orleans Division.

March 28, 1967.

See also D.C., 265 F.Supp. 654.

William E. Wright, Terriberry, Rault, Carroll, Yancey, New Orleans, La., for plaintiff.

Benjamin E. Smith, Smith & Waltzer, New Orleans, La., and Mandell & Wright, Houston, Tex., for defendant.

Kierr & Gainsburgh, New Orleans, La., counsel of record.

## RULING WITH RESPECT TO DEFENDANT'S MOTION FOR JURY TRIAL

RUBIN, District Judge.

More than three years after the time for seeking a jury trial under Rule 38 of the Federal Rules of Civil Procedure had expired, and after a pre-trial conference had been scheduled, the defendant in this case decided it would seek a jury trial. After notifying the Court at the conference of its intention, the defendant filed a motion seeking a jury trial under Rule 39(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is denied.

Courts in the various circuits have differed to some degree with respect to when, and under what circumstances, the district court should exercise its dis-

cretion under Rule 39(b). The view of the Court of Appeals for the Fifth Circuit was stated in Swofford v. B & W, Inc., 5th Cir. 1964, 336 F.2d 406, as follows:

> "The right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature of our system. And when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary. See Albert v. R. P. Farnsworth & Co., 5 Cir. 1949, 176 F.2d 198, 203."

The principle that the district court should be liberal in granting requests for jury trial under Rule 39(b) has been applied by the Court of Appeals for the Tenth Circuit, in AMF Tuboscope, Inc. v. Cunningham, 10th Cir. 1965, 352 F.2d 150, 155, where both parties had requested trial by jury. See also Note (1962), 47 Iowa L.Rev. 759.

In Tri-State Tire Service, Inc. v. Gates Rubber Company Sales Division, Inc., 5th Cir. 1964, 339 F.2d 573, the Court held that the trial court did not abuse its discretion under the circumstances in denying a jury trial to the defendant who had filed a cross-action where the demand for a jury trial was made seven months after the cross-action was filed. In the present case, it comes more than three years late, long after a trial request had been made, and only after a pre-trial conference had been held. While the defendant noted at the time of the pre-trial conference that it planned to present a motion under Rule 39(b), the motion was not in fact made until after a trial date had been fixed. The issue involved in this case is complex, and it would likely take longer to present the case to a jury. The orderly administration of justice requires that, at some time, the determination whether a case shall be tried to a jury or without a jury be reached and thereafter adhered to.

I am therefore convinced that in this case the Court should not exercise its discretion to grant the jury trial. Accordingly, the defendant's motion for a jury trial will be denied.