**GENERAL MILLS, INC., a Delaware corporation, Plaintiff,**

v.

**CALUMET HARBOR TERMINALS, INC., an Illinois corporation, Defendant.**

No. 68 C 181.

United States District Court
N. D. Illinois, E. D.

June 19, 1969.

Willard L. King and Leroy J. Tornquist, King, Robin, Gale & Pillinger, Chicago, Ill., for plaintiff.

Thomas W. Conklin and Daniel J. Leahy, Heineke, Conklin & Schrader, Chicago, Ill., for defendant.

MEMORANDUM

PERRY, District Judge.

This cause was tried before a jury and the jury returned a verdict for the plaintiff in which it awarded plaintiff damages of $4,500.00.

The matter is now before the court upon the motions of defendant, Calumet Harbor Terminals, Inc., for judgment notwithstanding the verdict and for a new trial and upon the motion of plaintiff, General Mills, Inc., for a new trial limited solely to the question of damages. The court also has considered the memorandums filed by counsel for the parties and certain correspondence regarding said memorandums.

There was an unusual situation existing in the City of Chicago on Friday, April 4, 1969, the day the case was submitted to the jury, which caused the jurors to hasten to reach a verdict, which they did, and by 5 o'clock P.M., in less than two hours. This unusual condition was brought about by the extensive comments of the news media about an expected disorder in the city inasmuch as the date marked the first anniversary of the death of the late Dr. Martin Luther King, Jr. That the fears of the jury were well founded was born out by the fact that there did occur a considerable amount of disorder and there was disruption of transportation in certain areas of the city on that day. On the other hand, this was not a complicated case and one which should not have required a great deal of time for the jury to arrive at a verdict.

■ The court is in agreement with the jury's finding of guilty on the question of liability. Had the court been the finder of fact it would have so found. However, the court would have awarded damages in a far larger sum of money. On the other hand this court cannot say that the damages awarded by the jury's verdict were unreasonable or arbitrary. The defendant did not introduce any evidence by which the jury could be guided and did not offer evidence to refute the plaintiff's proof of damages per bag of flour. The evidence as to whether 4,491 bags of flour were completely damaged is in dispute and there is also conflict in the evidence as to whether all of the 511 bags of flour were garbaged.

■ The evidence of the negligence of defendant is overwhelming. Since the defendant offered no evidence of the value of the flour damaged, it cannot be heard to complain when the jury relied solely upon the evidence presented by plaintiff for assessing damages. This is especially so when the jury's verdict in this case amounts to only $4,500 in damages, when plaintiff's value per bag of flour was undisputed and unchallenged, and when the total amount of damages awarded is less than one third of the damages proved by plaintiff if its total number of bags was accepted by the jury. The $4,500 award is consistent with the minimum number of flour bags as contended by defendant and based upon all of the evidence and under the circumstances the defendant's motion for judgment notwithstanding the verdict and motion for a new trial should be denied.

■ The court is convinced that plaintiff is wrong in its contention that the jury was adversely affected by the fact that one of its attorneys, Mr. J. A. Dixon, was a Negro and that there was Negro rioting in Chicago on the day the jury returned its verdict, knowledge of which disorder the jury had through the city's news media. It is sufficient to note that the jury disregarded prejudice, if any there was, and returned a verdict for the plaintiff.

■ Inasmuch as the jury had before it conflicting evidence of the number of bags garbaged and the number of bags damaged, and inasmuch as it considered this evidence, there was such a fact issue to be considered by the jury. The fact that the court would have assessed a larger sum in damages against defendant and in favor of plaintiff is immate-

rial unless the damages fixed and determined in the jury's verdict were such that a reasonable man or a jury composed of reasonable men and women could not have reached such a verdict. As above stated the court cannot say that the damages awarded were unreasonable or arbitrary. Hence the motion of the plaintiff for a new trial limited solely to the question of damages should be denied.

Accordingly, this court is entering simultaneously herewith an order denying each of the said motions before it.

This Memorandum shall stand as and for Findings of Fact and Conclusions of Law herein.