**Arthur L. WARD and Lucille Ward, Plaintiffs-Appellants,**

**v.**

**Carl M. BUEHLER et al., Defendant-Appellee.**

**No. 72-2790**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 1, 1973.

Sheldon J. Gensler, Ezra J. Regen, Sarasota, Fla., Lawrence J. Robinson, Tampa, Fla., for plaintiffs-appellants.

Leon H. Handley, Jeff B. Clark, Orlando, Fla., for Buehler, Taylor and Nationwide.

John Edwin Fisher, Roland A. Sutcliffe, Jr., Orlando, Fla., for Allstate.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Heskin A. Whittaker, Orlando, Fla., for General Casualty Co. of Wisconsin.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Arthur L. Ward, a long-distance tractor-trailer driver was involved in a collision with a vehicle owned and operated by persons not parties in the instant suit. During the course of the investigation of this accident, Ward was directed by a highway patrolman to cross the highway to the place where his rig was parked and retrieve certain papers. While returning across the highway on foot he was struck by the defendant's automobile.

■ Ward, joined by his wife, sued defendants, invoking federal diversity jurisdiction. The jury awarded the plaintiff $25,000 as compensation for all his damages, including pain and suffering, medical expenses, loss of income and future disabilities. Nothing was awarded to the wife. Ward now challenges (i) the sufficiency of this amount, labelling it "absurd" and (ii) the failure to grant his wife any sum for the loss of his services and companionship. Finding nothing clearly absurd in a $25,000 verdict for a hip injury where the evidence is obviously subject to varying interpretations, we are unwilling to invade the province of the jury and, accordingly, affirm the judgment.

■■ The appeal is from a denial of a motion for a new trial. The burden is substantial to show that the trial court abused its discretion in refusing a new trial. Marsh v. Illinois Central R. Co., 5 Cir., 1949, 175 F.2d 498. That being the state of the law, we are unable to say that the $25,000 verdict was shockingly deficient. The evidence tended to show that Mr. Ward is now able to walk unaided, and that although he does have some remaining pain and a partially diminished earning capacity, he is able to get about. The jury was in the best position to ascertain the amount which would best compensate Ward for his injury. Assessment of damages is an uncertain art at best, and in the absence of a clear abuse of discretion in either direction, we must abide the jury's measure. See Reicheneder v. Skaggs Drug Center, 5 Cir., 1970, 421 F.2d 307.

Affirmed.