Robert H. HAWKES, Plaintiff-Appellant,

v.

Willie F. AYERS, and General Fire
and Casualty Company,
Defendants-Appellees.

No. 76–1265
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 26, 1976.

Homer Ed Barousse, Jr., Crowley, La., for plaintiff-appellant.

James A. Bolen, Jr., Alexandria, La., for defendants-appellees.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

In this diversity action appellant Hawkes sued appellees Ayers and General Fire and Casualty Company, the liability insurer of Ayers' employer. The suit arose out of an automobile accident that occurred when the vehicle driven by Ayers skidded into the opposite lane of traffic, colliding with appellant's automobile and causing him various personal injuries. The jury found Ayers guilty of negligence that proximately caused the accident; neither party challenges this determination. Appellant does,

* Rule 18, 5th Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5th Cir. 1970, 431 F.2d 409, Part I.

however, challenge the jury finding of damages as too low. The district judge denied appellant's motion for a new trial on the damages question alone and denied his alternative motion for additur. We affirm.

Appellant suffered injuries to his ribs, nose and left index finger. Initially, his vision in one eye was impaired, but there was substantial evidence from which the jury reasonably could have concluded that this impairment was minimal by the time of trial. Appellant contends that a $5000 damage award for these injuries was grossly inadequate, and cites several Louisiana cases where "Louisiana Courts have awarded" or "Louisiana Courts have granted awards" of higher amounts for similar injuries.

 A fundamental principle of American jurisprudence is that the fact-finder determines the quantum of damages in civil cases. The function of reviewing courts with respect to damages awards, in both the federal system and the Louisiana state court system, is limited to resolving the question whether the trier of fact abused its discretion. *See, e. g., Ward v. Buehler*, 472 F.2d 1170 (5th Cir. 1973); *Young v. Hearin Tank Lines, Inc.*, 176 So.2d 790, 795–96 (La.App.1965). In the instant case the evidence established that appellant had been in total retirement since 1966 or 1967, thus he suffered no loss of income as a result of the accident; his medical bills totaled approximately $2250, almost $1500 of which was paid to a chiropractor;[1] there was substantial medical testimony that he had recovered normally and almost completely from his injuries, and that his future activities would not be affected by them. Accordingly, the trial judge did not err in denying appellant's motion for a new trial; no abuse of discretion has been shown and the jury verdict of $5000 is reasonable and consistent with the evidence. *See General Mills, Inc. v. Calumet Harbor Terminals,*

*Inc.*, 47 F.R.D. 189 (N.D.Ill.1969); *DiSalvo v. Cunard Steamship Co.*, 171 F.Supp. 813, 829–30 (S.D.N.Y.1959).

 Alternatively, appellant asserts that the district court erred in rejecting his motion for additur. It is well-settled, however, that the Seventh Amendment prohibits the utilization of additur, at least where the amount of damages is in dispute. *Dimick v. Schiedt*, 293 U.S. 474, 486–88, 55 S.Ct. 296, 301, 79 L.Ed. 603, 611–12 (1935); *Novak v. Gramm*, 469 F.2d 430, 432–33 (8th Cir. 1972); *Silverman v. Travelers Insurance Co.*, 277 F.2d 257, 264 (5th Cir. 1960); *Springer v. J. J. Newberry Co.*, 94 F.Supp. 905, 906 (M.D.Pa.), aff'd, 191 F.2d 915 (3d Cir. 1951); C. Wright and A. Miller, *Federal Practice & Procedure, Civil*, v. 11 § 2816 (1973).

The judgment is AFFIRMED.

---

1. Apparently, this chiropractic treatment was for neck and back pain. Appellees' expert, whom the jury could reasonably have chosen to believe, attributed this problem to a pre-existing arthritic condition, rather than to the accident.

