Darlene KRAMER, Individually and as natural trutrix and administratrix of her minor children, Sherri Kramer and Terri Kramer, Plaintiff-Appellee Cross Appellant,

v.

J. T. KEYS et al., Defendants-Appellants Cross Appellees.

No. 79–3724.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 24, 1981.

Christovich & Kearney, J. Walter Ward, Jr., New Orleans, La., for J. T. Keys et al.

Frederick J. Gisevius, Jr., David E. Caruso, Jr., New Orleans, La., for Darlene Kramer.

Before BROWN, GEWIN and POLITZ, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

### The Facts

On September 7, 1975, decedent, Jerry Kramer was proceeding west in a Volkswagen on Judge Perez Drive in Chalmette, Louisiana, when the front end of a tractor-trailer proceeding north on Paris Road hit the left side of his Volkswagen. The driver of the tractor-trailer, J. T. Keys, was an employee of Ralph Walker, Inc. and was returning from a delivery of agricultural products in Colorado. A wrongful death suit based on diversity was brought by Kramer's wife individually and on behalf of her two minor children against the driver, employer and the latter's insurer—Continental Insurance Company. Prior to the conclusion of the jury trial, leave was granted Kramer to file an amended complaint to join Ralph Walker individually as a defendant.[1] Finding that Keys was negligent and that Jerry Kramer was not contributorily negligent, the jury awarded Mrs. Kramer $55,000 individually and $30,000 each to the minor children. In the subsequent trial before the Court on the amended complaint against Ralph Walker, the Court found him individually, solidarily liable with Ralph Walker, Inc., J. T. Keys and Continental Insurance Company. The insurer has not appealed this judgment, but the remaining defendants have perfected an appeal alleging that the Court erred (i) in its failure to give a special requested instruction on contributory negligence and (ii) in its holding of personal liability against Ralph Walker. Kramer cross-appeals the adequacy of the damage award. Our review of the case has led us to conclude that (i) the defendants/appellants have not met their burden of demonstrating harm in the Court's failure to give a requested instruction on contributory negligence, (ii) the District Court's finding of personal liability against Ralph Walker is not clearly erroneous and (iii) the jury's award of damages was not an abuse of discretion.

### The Charge

Initially, we consider appellant's (J. T. Keys, Ralph Walker, Inc., and Ralph Walker) contention that the Court erred in refusing to grant their timely requested jury charge number two on contributory negligence. The special wording of the charge, in essence, deals with the duty of a motorist under Louisiana law to refrain from blindly proceeding even on a green light into *obvious* danger without exercising "slight care". Based on this rule, it is appellant's position that Kramer is contributorily negligent because he blindly proceeded into the intersection when he could have observed the tractor-trailer if he had exercised "slight care". Thus, the failure to give the requested charge deprived the jury of a clear cut understanding of Louisiana law and ultimately prejudiced appellant's case. Appellant's requested charge was as follows:

> You are charged that a motorist, even if the light is favorable in his direction, may not blindly proceed into obvious danger which even one exercising slight care

---

1. The trial amendment was allowed because discovery during trial indicated that Ralph Walker should be joined individually as a party defendant. The parties further agreed that the Court would try at a later date the issue of whether Ralph Walker individually would be liable on the theory of piercing the corporate veil.

would have noticed and avoided. *New Hampshire Fire Ins. Co. v. Bush*, 68 So.2d 254 (La.App.2d Cir. 1953); *Youngblood v. Robinson*, 118 So.2d 431 (1960). Vol. II at 335.

█ Our standard for assessing jury charges is whether or not taking the charge as a whole and viewing it in the light of the allegations of the complaint and evidence, the Judge communicated the substance of the law correctly so that the jury was not misled in its understanding of the law or issues. The trial judge is not bound to parrot counsel's suggestions. Rather, as we have repeatedly held, his wide discretion permits him to select his own words and to charge in his own style. *Smith v. Borg-Warner Corp.*, 626 F.2d 384 (5th Cir. 1980); *Frosty Land Foods International, Inc. v. Refrigerated Transport Co.*, 613 F.2d 1344 (5th Cir. 1980); *Baker & Co. v. Preferred Risk Mutual Insc. Co.*, 569 F.2d 1347 (5th Cir. 1978).

█ With respect to the issue under consideration, the Court gave a detailed instruction that included the essence of the refused charge.[2]

The charge as given met the substance of Louisiana law whether one selects *New Hampshire Fire Insc. Co. v. Bush*, 68 So.2d 254 (La.App.2d Cir. 1953) or *Youngblood v. Robinson*, 118 So.2d 431 (La.1960). *New Hampshire* does stand for the proposition, as appellants suggest, that motorists may not blindly proceed into *obvious* danger but reduces the care to that "which even one exercising *slight care* would have noticed and avoided." (emphasis added). This is precisely what the trial court charged (*See,* n.2, *supra*). No help comes from *Youngblood*. The Court in *Youngblood* held that it is not necessary for a motorist attempting to traverse an intersection on a green signal light to look to the left or the right before entering because "he has the right under our jurisprudence, to assume that the law

2. The law provides that motorists are to keep a constant lookout for possible dangers when approaching an intersection. A motorist can presume that traffic signals are understood and will be obeyed by drivers having an unfavored light. If the motorist has a green light, he has no duty to look for or discover traffic approaching but not yet within the intersection. However, such motorist is obliged to look for and yield to vehicles already lawfully within the intersection. *The motorist entering an intersection on a favorable signal has a duty, but a slight one, to observe and use care to avoid the accident, and if he fails to do so, he can be found to be negligent.*

Therefore, if you should find that the Plaintiff has proved by a preponderance of the evidence that the tractor-trailer unit driven by Mr. Keys ran a red light, was unlawfully within the intersection, and collided with the vehicle driven by Jerry Kramer, then you must find for the Plaintiff. In the event you find that Mr. Keys did not violate the traffic signal and was lawfully within the intersection, then you must find for the Defendants.

In summary, it is for you the Jury to determine from the evidence in the case, proven by a preponderance of the evidence:

1. Whether or not Mr. Keys was negligent; and

2. Whether or not such negligence was a proximate cause of the injury and death of Jerry Kramer.

The Defendant here contends that Jerry Kramer himself was contributorily negligent

and that his own negligence caused or contributed to the accident.

Contributory negligence is fault on the part of the person injured which cooperates in some degree with the negligence of another and so helps to bring about the injury.

By the defense of contributory negligence, the Defendant in effect alleges that, even in the event that Defendant may have been guilty of some negligent act or omission which was one of the proximate causes of the accident, the Plaintiff himself, by his own failure to use ordinary care under the circumstances for his own safety at the time and place in question, also contributed one of the proximate causes of any injury and damage which Plaintiff may have sustained.

The burden is on the Defendant, alleging the defense of contributory negligence, to establish by a preponderance of the evidence that Plaintiff himself was also at fault, and that such fault contributed one of the proximate causes of any injury and consequent damage that Plaintiff may have sustained. Therefore, if you find that Jerry Kramer ran the red light in question, or, if you find that Jerry Kramer entered the intersection on a green light but could have avoided the accident, and such was a proximate cause of the accident, then you must find Mr. Kramer to be contributorily negligent.

According to the law, if you find Jerry Kramer to have been contributorily negligent, then such finding would prevent recovery to the Plaintiff. (emphasis added).

would be respected." *Youngblood*, 118 So.2d at 434; *accord Welton v. Falcon*, 341 So.2d 564, 578 (4th Cir.), *writ denied*, 342 So.2d 872, 342 So.2d 1109 (1976).

The facts and evidence in the present case support the jury's implied holding of no contributory negligence. The accident report and the testimony of all the disinterested witnesses indicated that the tractor-trailer ran a red light and that Kramer had proceeded on a green light. Even the driver J. T. Keys who had previously entered a guilty plea to the charge of negligent homicide never denied he had proceeded on a red light.

An examination of Louisiana jurisprudence and the facts of the present case in comparison with the actual charge which the Judge gave, convinces us that the Court fully and fairly charged the jury on the defense of contributory negligence. The burden is on appellants to show actual harm in light of all the facts of the case and all the instructions given. *Bornmann v. Great Southwest General Hospital, Inc.*, 453 F.2d 616 (5th Cir. 1971); *Charleston National Bank v. Hennessey*, 404 F.2d 539, 543 (5th Cir. 1968). This appellants have not done.

### Piercing the Corporate Veil

As a second issue, appellants complain that the District Court erroneously applied Louisiana law pertaining to piercing the corporate veil instead of that of Mississippi's. Appellant's brief suggests that Mississippi Courts are more reluctant to pierce the corporate veil, *see, e. g., Highway De-*

*velopment Co., Inc. v. Mississippi State Highway Commission*, 343 So.2d 477, 480 (Miss.1977), than Louisiana Courts and would not have done so in this case. Although Mississippi Courts may be more cautious in their finding of piercing the corporate veil, we believe that the District Judge recognized and correctly addressed this contention in the present case when he stated that:

> [a]lthough there is a dearth of jurisprudence in reported Mississippi opinions, as to when it is appropriate to pierce the corporate veil and/or ignore the separate identity of the corporation, Mississippi recognizes the principle that its courts will ignore separate corporate entities in order to defeat a fraud, wrong or injustice, at least where as here, the rights of third persons are concerned.
>
> \* \* \* \* \* \*
>
> Thus if the Court would permit defendant Ralph Walker to hold out the corporation as a distinct entity from his individual entity, it would result in limiting plaintiff's recovery for the damages reward herein to $100,000. This would defeat the ends of justice as to innocent third parties.[3]

Vol. II at 420–21.

The District Court's finding on piercing the corporate veil is not clearly erroneous and is supported by the record.[4] To find otherwise would represent a manifest injustice to a third party—Mrs. Kramer—because her recovery as the Court recognized would be wholly limited to the

---

3. The principal that where there is a near identity between two corporations, their separate existences can be disregarded in order to present injustices to a third party, has not been specifically considered in any Mississippi decision, which has been brought to the attention of the court. Judge Wm. Harold Cox of the Southern District of Mississippi applied this principle in 1968 in the case of *Houston Oil Field Material Company v. Stuard.* The application of the principle was affirmed on appeal. *Houston Oil Field Material Company v. Stuard*, 406 F.2d 1052 (5th Cir. 1969). The court is confident that Mississippi courts will recognize this principle, when and if the occasion presents itself. It is stated in 18 C.J.S. Corporations § 7(e) "The courts will ignore separate corporate entities

in order to defeat a fraud, wrong, or injustice, at least where the rights of third persons are concerned."
*Hernando Bank v. Bryant Electric Company*, 357 F.Supp. 575, 590 (N.D.Miss., 1973, Orma Smith, J.).
The District Court in our case, as we would be, was entitled to accord much weight to the pronouncements of Judges Cox and Smith, distinguished Mississippi Judges.

4. Some of the evidence which the District Judge found demonstrating that Ralph Walker, Inc. was an "empty shell" corporation involves (i) under capitalization, (ii) no regular shareholder or director's meetings, (iii) mixing of his personal assets—truck and personal—with that of the corporation to the extent of taking

amount of Ralph Walker, Inc.'s policy. Therefore, the District Court properly considered and applied Mississippi law.

### Damages

■ On cross-appeal Mrs. Kramer contends that the jury award was so inadequate as to justify a new trial on the issue of damages. Our function as a reviewing court with respect to damage awards in the Federal System is limited to resolving the question of whether the trier of fact abused its discretion. *Hawkes v. Ayers*, 537 F.2d 836 (5th Cir. 1976); *see e. g., Ward v. Buehler*, 472 F.2d 1170 (5th Cir. 1973); *Young v. Hearin Tank Lines, Inc.*, 176 So.2d 790, 795–96 (La.App.1965).

■ The jury in the instant case heard expert testimony on the evaluation of prospective loss of support and investment potentialities for the Kramer family. Although the award was small, it was not "unconscionably inadequate", *Exum v. Dampskibbelskabet Torm, A/S*, 387 F.2d 639 (5th Cir. 1967), therefore, we may not disturb the award on appeal.

AFFIRMED.

---

depreciation for both on the corporate income tax returns, (iv) executing truck leases in his individual name, (v) filing of accident reports in his individual name, (vi) the use of a rubber stamp "Ralph Walker" on corporate documents, (vii) being the sole stock holder and president of Ralph Walker, Inc.