Gary MURPHY, Plaintiff–Appellant,
Cross–Appellee,

v.

CITY OF FLAGLER BEACH, a munici-
pal corporation, Defendant–Appellee,
Cross–Appellant,

and

Daniel H. Bennett, Defendant.

No. 87–3222.

United States Court of Appeals,
Eleventh Circuit.

June 10, 1988.

Gary Murphy, pro se.

William J. Sheppard, Sheppard & White,
Pa, Jacksonville, Fla., for plaintiff-appel-
lant, cross-appellee.

C. Allen Watts, Cobb & Cole, Daytona
Beach, Fla., for Flagler Beach.

Daniel H. Bennett, pro se.

Before HILL and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

JOHNSON, Circuit Judge:

In this action brought under 42 U.S.C.A. § 1983, Gary Murphy contends that the district court erred in instructing the jury to employ the principle of mitigation to offset the amount of damages it awarded him. In addition, Murphy asserts that the district court committed error by denying his post-trial motion for an increase in the damages award. We affirm.

I.

Murphy began working as a police officer for the City of Flagler Beach, Florida ("the City") in July 1977. In a letter dated January 18, 1979, Police Chief Daniel H. Bennett informed Murphy that he would be fired if he did not resign. Bennett alleged three specific grounds for Murphy's termination: (1) Murphy had violated Florida law by recklessly displaying a weapon while arresting a suspect; (2) Murphy had answered an ambulance call in Flagler County while he was the only officer on duty, leaving the City unprotected for one hour; and (3) Murphy had refused two requests to supplement his report in a burglary investigation. *Murphy v. City of Flagler Beach,* 761 F.2d 622, 624 (11th Cir.1985). Murphy was subsequently terminated.

In March 1981, Murphy filed a complaint in the United States District Court for the Middle District of Florida, alleging, *inter alia,* that the City and Bennett had deprived him of a protected property interest in employment without due process.[1] After trial, the jury awarded Murphy nominal damages for the City's failure to provide a hearing as required by state law and $1,001 for the denial of the hearing in violation of procedural due process. The district court entered judgment in accordance with the jury verdict. The judgment was appealed and cross-appealed. This Court affirmed in

part, reversed in part, and remanded the case to the district court.

On retrial, the district court directed a verdict for the City on two of Murphy's claims. Those orders are not appealed. On the issue of whether the City had good cause to discharge Murphy, the jury found for the appellant. The district court instructed the jury that, in awarding damages, the amount of back pay owed to Murphy should be offset by his earnings during the period between his termination and the trial.[2] The jury assessed Murphy's damages for loss of salary and benefits at $71,316. The jury assessed additional unspecified damages at $10,000. Therefore, total damages equalled $81,316. Offset by Murphy's interim earnings of $66,500, this left a net award of $14,816.

On October 10, 1986, Murphy filed two post-trial motions. In the first, styled a "Motion for Judgment Notwithstanding the Verdict," Murphy argued that he was not required to mitigate his damages and that he should recover full back pay from the City. The second, labeled a "Motion to Increase Back Pay Award Based Upon Clearly Erroneous Verdict," requested that the back pay award be increased to conform to the undisputed evidence elicited at trial, which indicated that Murphy's gross back pay was greater than the amount of damages for lost salary and benefits assessed by the jury. The district court denied both motions. This appeal followed.

II.

Murphy contends that, because 42 U.S.C.A. § 1983 contains no provision regarding the measurement of damages, federal courts should look to the law of the forum state for the appropriate rules of decision relating to damages. The appellant asserts that 42 U.S.C.A. § 1988 indicates that state rules should be applied as long as they are not inconsistent with the purposes of Sec-

---

1. Because the issues in the first trial and appeal are not relevant to this case, we do not discuss them in detail. For a complete discussion of that case, *see Murphy,* 761 F.2d 622 (11th Cir. 1985).

2. Murphy objected to this instruction at the jury charge conference.

tion 1983. Murphy argues further that, under Florida law, he would be entitled to recover back pay without any offset for his interim earnings.

■ Whether a mitigation of damages rule should be applied in awarding back pay in an action brought pursuant to 42 U.S.C.A. § 1983 is a question of law. Thus, this Court conducts a plenary review of this issue. *See Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577, 1578 (11th Cir.1985).

■ Since 42 U.S.C.A. § 1983 does not specify the method for measuring damages, the parties refer the Court to 42 U.S.C.A. § 1988 to determine the law of damages to be applied. Section 1988 provides in pertinent part:

> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title, "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, *shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect;* but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause....

*Id.* (emphasis added).

The Supreme Court has stated that Section 1988 requires courts to use a "three-step process" to determine the rules of decision applicable to a civil rights claim. *Wilson v. Garcia*, 471 U.S. 261, 267, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). First, courts must employ federal law if it enforces the civil and criminal civil rights statutes. If no suitable federal rule exists, courts should consider, as a second step, applying state common law as modified by the constitution and statutes of the forum state. This second step is limited by a third step which allows courts to apply state law only if it is not inconsistent with the federal constitution and laws. *Id.* at 267, 105 S.Ct. at 1942–43 (quoting *Burnett v. Grattan*, 468 U.S. 42, 47–48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984)).[3]

Murphy asserts that the Supreme Court has interpreted Section 1988 to mean that federal courts may use federal or state damages rules, depending on which rule better serves the policies expressed in the federal statutes. *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 240, 90 S.Ct. 400, 406, 24 L.Ed.2d 386 (1969). However, to the extent that this statement in *Sullivan* suggests that a court may choose a state damage rule, *instead of* an applicable federal rule, it conflicts with the three-step process discussed in *Garcia* and *Burnett*. Since *Burnett* (1984) and *Garcia* (1985) are more recent cases than *Sullivan* (1969), Murphy's reliance on the Supreme Court's statement in *Sullivan* is misplaced. If a federal damages rule exists, it applies.

■ In this case, Murphy assumes that there is no federal rule which requires the mitigation of damages in an action brought under Section 1983. However, in Section 1983 actions, the predecessor to this Court has stated that "[a]n inextricable part of the restoration to prior status is the payment of back wages properly owing to the plaintiffs, diminished by their earnings, if any, in the interim." *Harkless v. Sweeny*

---

**3.** Murphy cites Justice Brennan's opinion in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 231, 90 S.Ct. 1598, 1641, 26 L.Ed.2d 142 (1970) (concurring in part, dissenting in part), for the proposition that Section 1988 requires federal courts "to enrich the jurisprudence of Section 1983 by looking to the remedies provided by the States wherein they sit" when justice requires. While

this isolated comment seems to support Murphy's position, Justice Brennan went on to state in *Adickes* that "resort to state law ... should be had only in cases where for some reason federal remedial law is not and cannot be made adequate to carry out the purposes of the statute." *Id.* at 231, 90 S.Ct. at 1641.

*Independent School Dist.,* 427 F.2d 319, 324 (5th Cir.1970), *cert. denied,* 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971). *See also Kingsville Independent School Dist. v. Cooper,* 611 F.2d 1109, 1114 (5th Cir.1980) (plaintiff is entitled to recover back pay beginning with the year of wrongful termination and continuing until effective reinstatement, subject to the principles of mitigation). Other circuits have articulated similar mitigation rules in Section 1983 cases. *See, e.g., O'Neal v. Gresham,* 519 F.2d 803, 805 (4th Cir.1975) (an employee in a 42 U.S.C.A. § 1983 improper discharge case must make a reasonable effort to mitigate his damages by seeking employment, just like an employee in any other discharge case); *Gieringer v. Center School Dist. No. 58,* 477 F.2d 1164, 1167 (8th Cir.) (award of back pay subject to mitigation by plaintiff's earnings since his dismissal), *cert. denied,* 414 U.S. 832, 94 S.Ct. 165, 38 L.Ed.2d 66 (1973).

Murphy argues that *Harkless* and the other Section 1983 cases apply state rules of mitigation. However, he does not cite any portion of any of these opinions to support his claim, and in *Harkless,* the predecessor to this Court did not say that the rule of mitigation that the Court applied was a Texas state rule. Therefore, there is no support for Murphy's position. Furthermore, some Section 1983 cases explicitly contradict Murphy's claim that state law applies. *See, e.g., Garrick v. City and County of Denver,* 652 F.2d 969, 971 (10th Cir.1981) ("[f]ederal standards govern the determination of damages under the federal civil rights statutes").

Mitigation is consistent with the purpose of Section 1983. The Supreme Court has stated that damages awards under Section 1983 should be governed by the principle of compensation. *Carey v. Piphus,* 435 U.S. 247, 254–57, 98 S.Ct. 1042, 1047–49, 55 L.Ed.2d 252 (1978). By requiring an award of back pay to be offset by interim earnings, courts compensate the plaintiff for the actual loss he suffered as a result of the defendant's unconstitutional action. Thus, this Circuit's mitigation rule, as embodied in *Harkless,* is consistent with the law of other circuits and with the compensatory purposes of Section 1983.

Despite the extensive federal case law supporting the City's position that mitigation was required, Murphy claims that this Circuit's opinion in *Wilson v. Taylor,* 733 F.2d 1539 (11th Cir.1984), demonstrates that Florida law should apply and that a mitigation rule should not be utilized. In *Wilson,* this Court affirmed the district court's award of full back pay to an unlawfully discharged Florida police officer. The Court stated, without elaboration, that the lower court "did not err in not reducing the backpay awarded Wilson by the amount of other income received by him after his initial termination." *Id.* at 1550. From this, Murphy concludes that the Court must have applied Florida law and rejected mitigation. However, the *Wilson* Court did not discuss Florida law or any interim earnings the plaintiff may have had. In fact, an interrogatory to the jury regarding mitigation was not answered.[4] Thus, there was no finding of fact that the plaintiff had any interim earnings which could have been offset against his damages. Because the jury did not make any findings on what earnings, if any, should have been offset against the back pay award, and since the Court failed to discuss Florida law, *Wilson* does not support Murphy's contention that this Court should apply the Florida law of mitigation in the present case.[5]

---

**4.** The interrogatory asked, "[D]o you find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available to him under all the circumstances shown by the evidence, and if so, what is the amount he would reasonably have realized had he taken advantage of such opportunity?" *Wilson,* 733 F.2d at 1541–42 n. 1.

**5.** Murphy contends that Florida law, which arguably allows a discharged police officer to receive back pay without mitigation, is consistent with the purposes and policies of Section 1983. Yet, the federal rule of mitigation is also consistent with the purposes of Section 1983, and federal law takes precedence over state law in this context. *See Garcia,* 471 U.S. at 267, 105 S.Ct. at 1942–43. Murphy further asserts that allowing the plaintiff a complete recovery of his back pay helps deter constitutional violations. While

Based on this Circuit's precedents and the extensive case law supporting the use of a mitigation principle in a Section 1983 damages action, we hold that a federal rule of mitigation applies in this case. Accordingly, the district court's instruction requiring the jury to offset Murphy's interim earnings against his damages was correct.

### III.

█ Murphy's second contention is that the jury erred in computing the total amount of his back pay prior to offsetting his interim earnings. The appellant argues that the "undisputed" evidence at trial demonstrated that his lost income during the seven years and eight months between his termination and the jury verdict was at least $81,316, rather than the $71,316 that the jury assessed. He asserts that the district court erred by failing to grant his Motion to Increase Back Pay Award.

"A fundamental principle of American jurisprudence is that the fact-finder determines the quantum of damages in civil cases." *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir.1976). With respect to damage awards, the reviewing court merely determines whether the trier of fact abused its discretion. *Id.* at 837; *Self v. Great Lakes Dredge & Dock Co.*, 832 F.2d 1540, 1552 (11th Cir.1987). Unless an award is so inadequate "as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of fact is considered inviolate." *Garrick*, 652 F.2d at 972 (quoting *Barnes v. Smith*, 305 F.2d 226, 228 (10th Cir.1962)).

█ In this case, the jury assessed damages from lost salary and benefits at $71,316. Murphy claims that this figure

must have resulted from a mathematical error by the jury because the undisputed evidence at trial demonstrated that a police officer in Murphy's position would have earned a minimum of $81,316 during the period between his dismissal and the trial. However, no mathematical error appears clearly on the record, and the jury was not bound to accept the plaintiff's evidence concerning his damages, even if it was not controverted. The jury simply may not have believed that Murphy was entitled to additional damages.

A different ruling might be required if the jury had listed lost wages for each year and then made a computational mistake adding up the total wages lost over the period. Yet, this did not occur in the present case. The jury merely assessed total damages which it found that Murphy had incurred in lost salary and benefits. A reviewing court cannot determine how the jury arrived at the damages figure it selected. Because no clear mathematical error or improper jury motive appears in the record, we refuse to disturb the jury verdict.

### IV.

We hold that the district court was correct in instructing the jury to mitigate the appellant's damages. We further hold that the district court did not err in denying Murphy's motion to increase his damages award. Accordingly, the judgment below is AFFIRMED.

this may be true, punitive damages, the purpose of which is to deter and to punish, are not recoverable against a municipality in a Section 1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Allowing Murphy to recover damages without mitigation would be analogous to permitting him to recover punitive damages against the city, and this would contravene the policy of Section 1983.

Because of our holding that a federal rule of mitigation applies here, *see Harkless*, 427 F.2d at 324, we do not address the Florida rules of damages. We merely note that, if Murphy's interim earnings are not deducted from the amount of back pay, he will receive a windfall because he has been employed in the years since his termination.