865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carolyn STRUNK, Plaintiff-Appellant,
v.
Kenneth Ray HURLEY, Defendant-Appellee.
 No. 87-5948.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1988.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Carolyn Strunk ("plaintiff") appeals the judgment of the district court denying plaintiff's motion for a new trial or, in the alternative, for additur of the jury's verdict in favor of plaintiff, awarding her $7,153.23 as a result of an automobile accident with defendant-appellee Kenneth Ray Hurley ("defendant"). Plaintiff and defendant were involved in an automobile accident occurring on I-65 in Nashville, Tennessee, on March 23, 1985. We affirm.
 
 I.
 
 2
 Plaintiff commenced the present action on March 18, 1986, by filing a complaint against defendant in the district court, alleging federal jurisdiction under 28 U.S.C. Sec. 1332. According to plaintiff, defendant negligently drove a tractor-trailer rig causing an accident with plaintiff's vehicle. Prior to trial, plaintiff and defendant stipulated that plaintiff had incurred $7,153.23 in medical expenses. It was also admitted that the defendant's negligence caused the accident that injured plaintiff, and, thus, the issue at the jury trial was plaintiff's damages.
 
 
 3
 On July 1, 1987, the jury returned a verdict in favor of plaintiff for the amount of $7,153.23, and the district court entered judgment thereon. On July 8, 1987, plaintiff moved for a new trial or, in the alternative, for additur, arguing that the jury's verdict was inadequate because the verdict represents the exact amount of past medical bills without consideration of plaintiff's pain, suffering and impairment to her enjoyment of life. The district court denied plaintiff's motion on August 5, 1987, and plaintiff timely appealed.
 
 
 4
 The issues on appeal are: (1) whether the district court abused its discretion in denying plaintiff's motion, and (2) whether the district court erred in prohibiting plaintiff from testifying, on hearsay grounds, that she was told by her first doctor after several months of treatment that there was nothing more he could do for her.
 
 II.
 
 5
 In a diversity case, "the question of whether a new trial is to be granted is a federal procedural question and is to be decided by reference to federal law." Toth v. Yoder Co., 749 F.2d 1190, 1197 (6th Cir.1984); Pitts v. Electro-Static Finishing, Inc., 607 F.2d 799 (8th Cir.1979). Under Fed.R.Civ.P. 59, "the question of granting or denying of a motion for a new trial following a jury verdict addresses itself to the judicial discretion of the trial judge, and his decision will not be reversed in the absence of a showing of an abuse of discretion." Toth, 749 F.2d at 1197.
 
 
 6
 The purpose for new trial motions is to give the trial judge the opportunity to initially correct errors made at trial. The trial judge must be given the opportunity to exercise his discretion. Furthermore, the trial judge's ruling on that motion creates a full record on appeal. On appeal, our scope of review is limited to whether the trial court abused its discretion in ruling on that motion.
 
 
 7
 Young v. Langley, 793 F.2d 792, 794 (6th Cir.1986). "[W]hile the district judge has a duty to intervene in appropriate cases, the jury's verdict should be accepted if it is one which could reasonably have been reached." Bruner v. Dunaway, 684 F.2d 422, 425 (6th Cir.1982), cert. denied, 459 U.S. 1171 (1983), quoted in, Toth, 749 F.2d at 1197.
 
 
 8
 We hold that the district court in the present case did not abuse its discretion in denying plaintiff's motion for a new trial as the jury's verdict was reasonably based on the evidence presented and, accordingly, "is one which could reasonably have been reached." Id. Differing testimony was presented as to the severity and the permanency of the plaintiff's injuries. Moreover, the jury was free to discredit plaintiff's testimony, even where uncontradicted, as not believable based on her demeanor. See Chrysler Workers Ass'n v. Chrysler Corp., 834 F.2d 573, 578 (6th Cir.1987) ("credibility determinations ... are jury functions"), cert. denied, 108 S.Ct. 2017 (1988) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)). Thus, the judgment of the district court denying plaintiff's motion for a new trial based on the inadequacy of the jury's verdict is affirmed.
 
 
 9
 Also, plaintiff's request for an additur in this case is meritless. Additur is generally not available in a federal court after a jury trial. See Dimick v. Schiedt, 293 U.S. 474, 486-87 (1935); Hibma v. Odegaard, 769 F.2d 1147, 1154 (7th Cir.1985) ("Under federal law a court generally may not increase a jury's determination of damages by additur."); Hawkes v. Ayers, 537 F.2d 836, 837 (5th Cir.1976) ("It is well-settled, however, that the Seventh Amendment prohibits the utilization of additur, at least where the amount of damages is in dispute."). The district court therefore properly denied plaintiff's request for additur.
 
 
 10
 Finally, plaintiff argues that the district court erred in excluding, on hearsay grounds, testimony that plaintiff was told by her first doctor that there was nothing more he could do for her. Defense counsel objected to this testimony as hearsay. The district court excluded the statement under Fed.R.Evid. 802 noting that "[I] can't construe [the statement] as anything other than to prove [the] substantive fact through this witness that a professional judgment had been made by the attending physician that he had exhausted his efforts, and that there was no further medical efforts ... that would be of any benefit." J.A. at 119.
 
 
 11
 We hold that even assuming the statement, for the reasons sought to be introduced by the plaintiff, was not hearsay, that the district court did not commit reversible error in excluding this testimony. "[Evidentiary] [e]rror may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected...." Fed.R.Evid. 103 (emphasis added). Here we find the exclusion of this testimony does not affect substantial rights. See United States v. Ebens, 800 F.2d 1422, 1431 (6th Cir.1986) ("The erroneous exclusion of testimony on grounds of hearsay is reversible error if the reviewing court finds that such error affects the substantial rights of the [party]."). Plaintiff sought to introduce this testimony to clarify why plaintiff discontinued treatment with her first attending physician. We conclude that the exclusion of the testimony, given the ground for which it was offered, does not affect substantial rights and therefore was not reversible error.
 
 III.
 
 12
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Richard F. Suhrheinrich, United States District Court, Eastern District of Michigan, sitting by designation