IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————

No. 00-31387

—————————————

SONYA BENNETT,

                                        Plaintiff-Appellant,

versus

ERNEST RHODES; ET AL.,

                                        Defendants,

ERNEST RHODES; GREG PHARES;
CITY OF BATON ROUGE; S. MURPHY;
A. MUNOZ,

                                        Defendants-Appellees.

—————————————————————————————————————————

Appeal from the United States District Court for
the Middle District of Louisiana
(USDC No. 97-CV-492-B)

—————————————————————————————————————————
March 29, 2002

Before REAVLEY, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

—————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sonya Bennett appeals the take nothing judgment entered in her civil rights suit.[1] She claims that the jury erred in failing to award her actual and punitive damages after it found that appellees Ernest Rhodes, Arthur Munoz, and Stephen Murphy violated her civil rights under 42 U.S.C. § 1983.

After the jury returned its verdict, finding liability but awarding no damages, Bennett moved for a mistrial. On appeal she argues that after the jury rendered an inconsistent verdict, the district court should have ordered the jury to deliberate further or should have ordered a new trial. Bennett further argues that she was entitled to an award of attorney's fees, and also suggests that this court should make its own award of damages.

At the outset we reject Bennett's argument that the jury erred in failing to award punitive damages. Bennett does not complain of the court's instruction that punitive damages were only warranted if, in addition to finding a constitutional violation and actual damages, the jury additionally found that the defendants "acted with malice, willfully, intentionally or with callous reckless indifference to plaintiff's rights and that punitive damages are warranted as punishment and as a deterrent to others." The failure to render an award of punitive damages does not render the jury verdict inconsistent, and

_____

[1] Appellees filed a notice of cross-appeal, but this notice was untimely and we accordingly lack jurisdiction over it. Even if we had jurisdiction over the cross-appeal, appellees failed to file a brief and have accordingly waived whatever arguments they might have made.

2

Bennett does not otherwise persuade us that an award of punitive damages was compelled by the evidence.

The issue of compensatory damages presents a closer question. On the liability interrogatories, the jury found that Rhodes used excessive force, and that such conduct was a cause in fact of damages sustained by Bennett. The jury also found that Munoz and Murphy failed to take reasonable measures to protect Bennett from the use of excessive force, and that this failure was a cause in fact of damages sustained by Bennett. However, when asked what amount would fairly and adequately compensate Bennett for her injuries, the jury answered with an award of zero dollars.

If a jury's answers to special interrogatories are inconsistent, the case must be remanded for a new trial, but the answers are considered inconsistent only if there is no way to reconcile them. Gaia Techs., Inc. v. Recycled Prods. Corp., 175 F.3d 365, 372 (5th Cir. 1999). In the pending case, the answers are not irreconcilable. There was much conflicting evidence from the witnesses regarding Bennett's injuries. While there was overwhelming evidence that Bennett had received injuries on the day in question, the jury might well have concluded that some of the injuries were due to Bennett's fight with her boyfriend, Lionel Singleton, which had precipitated the police response, or from a reasonable effort by Rhodes to fight off an attack from Bennett. Hence, while the jury might have concluded that Bennett did indeed suffer some injury resulting from Rhodes' use of excessive force, the jury might have been unable to find, by a preponderance of the evidence, which injuries were caused by the excessive force and which injuries were

3

caused by the non-excessive force used by Rhodes or were caused by the fight with Singleton. Accordingly, the jury's answers to the special interrogatories are not irreconcilable.

Nevertheless, since the jury found that Bennett's civil rights were violated, she was at least entitled to an award of nominal damages. See Clarke v. Stalder, 121 F.3d 222, 225 n.4 (5th Cir. 1997), on rehearing en banc, 154 F.3d 186 (5th Cir. 1998); Taylor v. Green, 868 F.2d 162, 165 (5th Cir. 1989). Further, an award of nominal damages might support an award of attorney's fees under 42 U.S.C. § 1988. See Hopwood v. Texas, 236 F.3d 256, 278 (5th Cir. 2000); Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1052 (5th Cir. 1998). We note that Bennett prayed for attorney's fees below, and conclude that a determination of the amount of attorney's fees, if any, Bennett should receive should be decided by the district court in the first instance.

Accordingly, we remand this case to the district court for entry of an award of nominal damages, and for a determination of Bennett's attorney fee request under 42 U.S.C. § 1988.

Judgment Vacated; Cause Remanded.