[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13710
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00058-CV-5-RS-WCS


JERRY LEE NICHOLS,

Petitioner-Appellant,

versus

WALTER A. MCNEIL,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 23, 2009)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Jerry Lee Nichols, a state prisoner proceeding *pro se*, appeals the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254. We granted a certificate of appealability ("COA") on the following issue:

> Whether the district court erred in finding that appellant's trial counsel was not ineffective for failing to inform appellant of a prior plea deal.

On appeal, Nichols argues the district court erred in finding the state court did not unreasonably apply clearly established federal law when it concluded that Nichols had not received ineffective assistance of counsel. Specifically, Nichols asserts he was denied effective assistance of counsel because his attorney failed to inform him of a February 19, 2003, plea offer. He contends that acceptance of the February 19 offer would have resulted in a lower sentence because it would have allowed him to plead to only a third-degree felony and exposed him to a maximum term of five years' imprisonment, while the offer he accepted exposed him to 15 years' imprisonment upon violation of his community control.

Where a state prisoner's claim was adjudicated on the merits in state court, federal courts may grant habeas relief only where the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The phrase "clearly established Federal law" refers to "the governing legal principle or principles set forth by the Supreme Court at the time the state

2

court renders its decision." *Lockyer v. Andrade*, 123 S. Ct. 1166, 1172 (2003). An "unreasonable application" of federal law occurs when the state court either (1) correctly identifies the legal rule from Supreme Court precedent but unreasonably applies that rule to the facts of the case, or (2) "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

The Supreme Court's decisions in *Strickland v. Washington*, 104 S. Ct. 2052 (1984), and *Hill v. Lockhart*, 106 S. Ct. 366 (1985), set forth the standard governing ineffective assistance of counsel claims in the plea context. Under these cases, a prisoner claiming ineffective assistance of counsel must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland*, 104 S. Ct. at 2064; *Hill*, 106 S. Ct. at 370. There is no reason for a court deciding an ineffective assistance of counsel claim to approach the inquiry in the same order, or even to address both components of the inquiry, if the prisoner makes an insufficient showing on one component. *Strickland*, 104 S. Ct. at 2069.

Under *Strickland*, "[c]ounsel's competence . . . is presumed, . . . and the defendant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged

3

action was not sound strategy." *Kimmelman v. Morrison*, 106 S. Ct. 2574, 2588 (1986) (internal citation omitted). Counsel has a constitutional duty "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland*, 104 S. Ct. at 2065. We have held that this duty includes the obligation to inform a client about a plea offer. *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991)

To establish prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 104 S. Ct. at 2068. In the plea context, the prejudice inquiry focuses on whether counsel's deficient error "affected the outcome of the plea process." *Hill*, 106 S. Ct. at 370. Specifically, where a prisoner alleges that his attorney's deficient performance prevented him from accepting a favorable plea offer, the prisoner must show that "but for his attorney's errors, he would have accepted the plea offer." *Diaz*, 930 F.2d at 835.

The magistrate's opinion, which the district court adopted, did not discuss whether deference was due to the state court's opinion. Rather, the magistrate judge substituted his analysis, speculating the state court would not have accepted a

4

guilty plea because the February 19 plea offer was based on a superseded version of a criminal statute. This analysis was inadequate because it assumed the state court would have rejected Nichols' guilty plea instead of choosing an alternative, such as asking the parties to replace the statutory language of the plea agreement with the text of the updated statute and then accepting the corrected plea agreement. Such speculation does not address whether the outcome of the plea proceeding was affected by counsel's failure to convey the plea offer. *See Hill*, 106 S. Ct. at 370. Additionally, based on our review of the record and the parties' briefs, it is arguable that the state court unreasonably applied *Strickland* by failing to consider whether Nichols subjectively would have preferred the February 19 plea offer.[1]

It appears from the record that Nichols made a reasonable attempt to pursue an evidentiary hearing in state court and such a hearing may assist in the resolution

---

[1] We are not suggesting that Nichols' testimony, even if uncontradicted, must be accepted as credible by the factfinder. *See United States v. Clavis*, 956 F.2d 1079, 1096 (11th Cir. 1992) (noting a factfinder is free to reject a party's testimony as a complete fabrication); *Murphy v. City of Flagler Beach*, 846 F.2d 1306, 1310 (11th Cir. 1988) ("[T]he jury was not bound to accept the plaintiff's evidence . . . even if it was not controverted."); *Burston v. Caldwell*, 506 F.2d 24, 26 (5th Cir. 1975) ("The district court, of course, was not required to accept [the petitioner's] testimony, even if uncontradicted."); *Goodwin v. Smith*, 439 F.2d 1180, 1182 (5th Cir. 1971) ("The State habeas judge was not obliged to credit that testimony [of the petitioner], even though it was uncontradicted."); *Tyler v. Beto*, 391 F.2d 993, 995 (5th Cir. 1968) ("Credibility is for the trier of the facts and the uncontradicted testimony of a witness does not have to be accepted."). As a habeas petitioner bears the burden of proof and persuasion, if the district court rejects Nichols' testimony as incredible or cannot determine whether Nichols would have accepted the allegedly withheld offer, relief is due to be denied. *See Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) ("It is the petitioner's burden to establish his right to habeas relief and he must prove all facts necessary to show a constitutional violation.").

of Nichols' claim, so § 2254(e)(2) does not bar the district court from holding an evidentiary hearing. *See Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002). We conclude this case should be remanded to the district court for an evidentiary hearing on the merits of Nichols' ineffective assistance of counsel claim, including: (1) whether Nichols' assertion that he would have preferred the February 19 offer is credible; (2) whether Nichols' attorney actually failed to convey the plea offer to Nichols; and (3) if so, the exact terms and conditions of the plea offer, and counsel's response. Accordingly, we remand this case for further proceedings consistent with this opinion.

**REMANDED.**