Stephanie OTERO et al.,
Plaintiffs-Appellants,

v.

MESA COUNTY VALLEY SCHOOL DISTRICT NO. 51 et al.,
Defendants-Appellees.

No. 79–1261.

United States Court of Appeals,
Tenth Circuit.

Argued March 11, 1980.
Decided Aug. 15, 1980.

Morris J. Baller, San Francisco, Cal. (Vilma S. Martinez and Joel G. Contreras of the Mexican American Legal Defense and Educational Fund, San Francisco, Cal., Federico F. Pena of the Chicano Education Project, R. Pete Reyes and Kenneth Wohl of the

Mexican American Legal Defense, and James H. Hiatt, of the Colorado Rural Legal Services, Denver, Colo., with him on the brief), for plaintiffs-appellants.

John W. Groves, Grand Junction, Colo. (Jon E. Getz of Nelson, Hoskin, Groves & Prinster, P. C., Grand Junction, Colo., with him, on brief), for defendants-appellees.

Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.

McWILLIAMS, Circuit Judge.

This action was brought by nine Mexican-American school children against the Mesa County Valley School District No. 51, pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. The claim was that the School District had discriminated against its Mexican-American students in connection with the curriculum offered the students and also in connection with its employment practices in the hiring of teachers and supporting personnel. After trial, the district court held that the plaintiffs had no right to a bilingual-bicultural educational program. The district court also held that the plaintiffs had no standing to challenge the employment practices of the School District, and, alternatively, if they did have standing, discriminatory practices had not been shown. The district court's Memorandum Opinion appears as *Otero v. Mesa County Valley School District No. 51*, 408 F.Supp. 162 (D.Colo.1975).

On appeal, the claim pertaining to alleged curriculum deficiencies was abandoned. As concerns the further claim that the defendants had engaged in discriminatory employment practices, which had an adverse effect on the educational opportunities afforded the Mexican-American pupil, we held that the plaintiffs did have standing. As indicated, the district court had ruled, alternatively, that if the plaintiffs did have standing, discriminatory hiring practices having

an adverse effect on the quality of educational opportunity afforded Mexican-American people had not been shown. In that regard, we held that the findings of the district court did not comply with Fed.R. Civ.P. 52(a). Accordingly, we vacated the district court's judgment and remanded the case with directions that the district court make new findings on the matter of discriminatory hiring practices, and enter judgment in accord therewith.[1] See *Otero v. Mesa County Valley School District No. 51*, 568 F.2d 1312 (10th Cir. 1977) (one judge dissenting).

On remand, the district court refused to reopen the case and receive additional evidence. In so doing, the district court did not err. We did not remand with directions to reopen the case and retry it. The only direction was that the district court make more detailed findings on the question of allegedly discriminatory hiring practices that adversely affected the educational opportunities afforded the Mexican-American pupils. On remand, the district court considered various and sundry matters, and also made comprehensive findings on the School District's hiring practices. The district court's Memorandum Opinion on remand appears as *Otero v. Mesa County Valley School District No. 51*, 470 F.Supp. 326 (D.Colo.1979). The plaintiffs now appeal the adverse judgment suffered by them on remand.

We find it unnecessary to review all of the varied matters considered by the district court on remand. Illustrative of matter which we do not feel compelled to pass upon is the district court's conclusion that *Lau v. Nichols*, 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974) was, in part, modified, if not overruled, by *Regents v. Bakke*, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978) and *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).[2]

---

1. It was *not* the mandate of this Court that the district court make findings in accord with *Hazelwood School District 6 v. United States*, 433 U.S. 299, 97 S.Ct. 2736, 53 L.Ed.2d 768 (1977). The only reference to *Hazelwood* in our opinion is in a footnote.

2. This opinion was written prior to *Fullilove v. Klutznick*, —— U.S. ——, 100 S.Ct. 2758, 65 L.Ed.2d 902 (1980), announced July 2, 1980. Appellant suggests that *Fullilove* indicates continued adherence to *Lau v. Nichols*, 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974). As above stated, we do not feel compelled to pass on this matter.

The district court, on remand, concluded that the defendants had not engaged in any discriminatory employment practices which adversely affected the quality of educational opportunities afforded the Mexican-American pupil. Such conclusion is supported by the district court's exhaustive findings of fact, and the latter are themselves supported by the record itself. We do not intend to here summarize the district court's findings. They are fully set forth in the district court's Memorandum Order.

In short, the district court's findings are not clearly erroneous. In thus holding, we reject the suggestion of the plaintiffs that the record is such as to *compel* the district court to find for the plaintiffs.

Judgment affirmed.

WILLIAM E. DOYLE, Circuit Judge, dissents.