Joe BATES, Plaintiff,

v.

BOARD OF REGENTS OF NORTHERN NEW MEXICO COMMUNITY COLLEGE, Dennis Salazar, Herman Wisenteiner, Herman Trujillo, Frank A. Serrano, III, Ted Trujillo, and Juan Garcia in their individual capacities, Defendants.

Civ. No. 86–563 JP.

United States District Court, D. New Mexico.

Dec. 8, 1987.

Eric Isbel–Sirotkin, Philip B. Davis, Legal Director ACLU, N.M., Albuquerque, N.M., for plaintiff.

Stephen S. Hamilton, Montgomery & Andrews, P.A., Santa Fe, N.M., for Frank A. Serrano, III, Ted Trujillo and Juan Garcia.

M. Karen Kilgore, Albert V. Gonzales, White, Koch, Kelly & McCarthy, P.A., Santa Fe, N.M., for Bd. of Regents of Northern N.M. Community College, Dennis Salazar, Herman Wisentiener and Herman Trujillo.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

This matter comes before the court on plaintiff's motion for a jury trial under Fed.R.Civ.P. 39(b). Having considered the motion, the memoranda and exhibits submitted by the parties in conjunction therewith, having consulted the applicable authorities, and having heard the arguments of counsel at a hearing held on December 3, 1987, the court concludes that plaintiff's motion is well-taken and will be granted.

This is a civil rights action arising from the termination of plaintiff's employment at Northern New Mexico Community College. Plaintiff alleges that defendants' decision to terminate him for lack of funding was pretextual and, instead, resulted from plaintiff's political activities on campus and in the community regarding matters of public concern. Plaintiff seeks damages, declaratory relief and reinstatement as a result of defendants' alleged violations of his constitutionally protected rights. Defendants deny plaintiff's claims.

Plaintiff's complaint was filed on May 15, 1986. The complaint did not contain a jury demand, and neither plaintiff nor any of the defendants filed a jury demand pursuant to Fed.R.Civ.P. 38(b).[1] On the cover sheet submitted to the court when plaintiff filed his complaint, however, plaintiff had checked the box indicating that a jury demand had been made. The preprinted cover sheet form includes a box labeled "JURY DEMAND," containing smaller boxes labeled "YES" and "NO." Above these boxes is written, in italic, "Check YES only if demanded in complaint." Plaintiff checked the box labeled "YES," although he had not demanded a jury in his complaint.

Despite the absence of a jury demand, all parties proceeded through pretrial discovery and trial preparation under the assumption that the case would be tried to a jury. The Pretrial Order signed by all the parties and filed with the court on August 11, 1987, reflects this assumption in its stipulation that jury instructions are to be submitted five days before trial. When the court clerk set this case for trial on a trailing non-jury docket to commence on December 14, 1987, the parties discovered that a jury had not formally been demanded. Plaintiff immediately filed his motion for jury demand, pursuant to Fed.R.Civ.P. 39(b).

Rule 39(b) provides:

the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."

1. Fed.R.Civ.P. 38(b) provides: "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; *but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.* Fed.R.Civ.P. 39(b) (emphasis added). The parties do not dispute that the issues in this case are such that plaintiff could have demanded a jury trial as of right had such a demand been made in a timely fashion under Rule 38. The issue in this case is, therefore, whether the court should exercise its discretion under Rule 39(b) to grant plaintiff's motion for jury trial at this time.

The Tenth Circuit Court of Appeals analyzed the policy governing the exercise of the court's discretion under Rule 39(b) in *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir.1965). In this patent infringement suit, plaintiff Tuboscope had not filed a timely jury demand under Rule 38(b),[2] but the parties had agreed that the case would be tried to a jury, and the court had ordered that the case would be scheduled on a jury docket. Two days before trial, the judge, acting *sua sponte*, held that the amended complaint did not give the plaintiffs a new right to demand a jury trial and denied trial by jury. The case proceeded to trial before the court without a jury. The Tenth Circuit Court of Appeals began its analysis of the court's discretion under Rule 39(b) by emphasizing that the right to trial by jury under the Seventh Amendment is a fundamental right, and that the " 'federal policy favoring jury trials is of historic and continuing

strength.' " *Id.* at 155 (quoting *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963)). Furthermore, the court stated that when exercising its discretion under Rule 39(b), the court " 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.' " *Id.* (quoting *Swofford v. B & W Inc.*, 336 F.2d 406, 409 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965)).

In this case, defendants do not argue that they will be prejudiced if plaintiff's motion for jury trial is granted. Indeed, such an argument would be disingenuous, in light of the parties' assumption since the beginning of this case that the case would be tried to a jury.[3] Defendants also do not argue that they would have prepared the case differently if they had realized that plaintiff had not made a timely jury demand.[4] Defendants do argue, however, that plaintiff has waived his right to a jury trial under Rule 38(b), and that his filing of the cover sheet in which he checked the "JURY DEMAND" box did not constitute a proper jury demand. Defendants argue that because plaintiff has failed to serve a jury demand as required under Rule 38(b), the court should not exercise its discretion to relieve plaintiff of his waiver of his right to a jury trial.

██ Defendants' argument is not well-taken. Plaintiff does not dispute defendants' argument that the civil cover sheet filed contemporaneously with his complaint does not constitute a proper jury demand under Rule 38(b),[5] and that he has waived

---

**2.** Another party, American Machine & Foundry Co., had been joined as a party plaintiff in the amended complaint, and had apparently made a timely jury demand. 352 F.2d at 152.

**3.** As stated above, the parties' assumption that the case would be tried to a jury was expressed in the Pretrial Order's reference to jury instructions. At the hearing on December 3, 1987 counsel for defendants confirmed that they had been under the impression that this was a jury case.

**4.** Plaintiff, on the other hand, stated that if he had not assumed that the case would be tried to the jury, he would not have engaged the services of an economist to testify to the value of plain-

tiff's occupational injury. Instead, he argues, he would have relied on the court's assessment of this element of damages if he had known that the case would be tried to the court.

**5.** Plaintiff acknowledges that the filing of a civil cover sheet is insufficient to constitute a jury demand under Rule 38(b). *See Wall v. National Railroad Passenger Corp.*, 718 F.2d 906, 909 (9th Cir.1983); *Cochran v. Birkel*, 651 F.2d 1219, 1221 n. 4 (6th Cir.1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982); *Omawale v. WBZ*, 610 F.2d 20, 22 (1st Cir.1979); *Henderson v. Harrah's Marina Hotel Casino*, 110 F.R.D. 66, 67 (E.D.Pa.1986); *Biesenkamp v. At-*

his right to jury trial under that Rule. Nevertheless, Rule 39(b) allows the court to grant a motion for jury trial when a party has failed to make a timely jury demand under Rule 38, and, under the standard articulated by the Tenth Circuit in *Tuboscope, supra,* such motion should be granted when the parties opposing the motion fail to present "strong and compelling reasons" in support of their opposition. *Tuboscope, supra,* at 155.

 Defendants urge this court to adopt the reasoning of a line of cases strictly construing the waiver provision of Rule 38, and circumscribing the exercise of the court's discretion under Rule 39(b). *See, e.g., Bellmore v. Mobil Oil Corp.,* 783 F.2d 300, 307 (2d Cir.1986); *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir. 1967); *Misco, Inc. v. United States Steel Corp.,* 784 F.2d 198, 205 (6th Cir.1986). The Tenth Circuit position, as articulated in *Tuboscope,* differs significantly from the reasoning of these cases. Furthermore, narrow construction of Rule 39(b) has been criticized as follows:

> These decisions seem to place the emphasis in the wrong place. Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind are usually to be denied.

9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2334 at 115–116 (1971) [footnotes omitted], *quoted in Pinemont Bank v. Belk,* 722 F.2d 232, 237 (5th Cir. 1984) (court held that trial court abused its discretion in denying motion for jury trial pursuant to Rule 39(b), when all parties and the court assumed the case would be tried to a jury and no prejudice would have resulted from jury trial). In this case, as in *Pinemont Bank, supra,* the parties operated under the assumption that the case would be tried to a jury from the outset. That assumption was formalized in the Pretrial Order's reference to jury instructions. The Pretrial Order, signed by all parties, was also signed by the judge and made part of the record of the case when it was filed. At the hearing on this motion, defendants acknowledged that they would not be prejudiced by granting plaintiff's motion for jury trial. There is, therefore, no strong *or* compelling reason for denying plaintiff's motion for jury trial under Rule 39(b), and plaintiff's motion will be granted.

Now, Therefore,

IT IS BY THE COURT ORDERED that plaintiff's motion for jury trial is granted.

*lantic Richfield Co.,* 70 F.R.D. 365, 366 (E.D.Pa. 1976).