**Philip OINESS and Sun Products Group, Inc., Plaintiffs,**

v.

**WALGREEN COMPANY, Atico International Incorporated, f/k/a J & M Enterprises, d/b/a Atico, New Atico International, Ltd., d/b/a New Atico, a/k/a Atico, Defendants.**

Civ. A. No. 90–F–727.

United States District Court, D. Colorado.

Dec. 6, 1993.

James A. Lowe, James A. Lowe, P.C., Duane Burton, Denver, CO, for plaintiffs.

Robert E. Benson, Gregg I. Anderson, Holland & Hart, Denver, CO, Jerome M. Berlinger, Peter T. Cobrin, Cobrin, Gittes & Samuel, New York City, Stephen A. Soffen, Ostrolenk, Faber, Gerb & Soffen, Washington, DC, for defendants.

## ORDER REGARDING MOTION FOR DETERMINATION AND AWARD OF DAMAGES

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on Plaintiffs' *Motion For Determination and Award of Damages.* Plaintiffs received a jury verdict and judgment in this Court in 1991. *See Oiness v. Walgreen Co.,* 774 F.Supp. 1277 (D.Colo.1991). Plaintiffs' *Motion For a New Trial on the Issue of Damages* was subsequently denied. The parties cross-appealed, and the United States Court of Appeals for the Federal Circuit in Washington, D.C. vacated the jury's determination of damages stating that the instruction requiring the jury to award "net profits" was misleading and reversible error, and there was no substantial evidence to support the jury's damage award. *Oiness v. Walgreen Co.,* 980 F.2d 742 (Fed.Cir.1992) (unpublished disposition). Chief Magistrate Judge Donald E. Abram entered his recommendation on August 2, 1993. Pursuant to FED.R.CIV.P. 72(b), Plaintiffs timely filed their objections to the recommendation of the Magistrate Judge. The Court has considered the Magistrate Judge's recommendation, the objections, the applicable law, and the oral arguments presented to the Court on November 30, 1993.

██ The Magistrate Judge concluded that a grant of summary judgment on the issue of damages is inappropriate because the determination of damages is in the province of the jury and is a disputed factual issue. Therefore, summary judgment should not be granted as to the damage award. In their objection, Plaintiffs state that there is no *genuine* issue of material fact in this case as defined by *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We disagree. A material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. In this case the factual disputes existing as to affidavits by experts and their opinions as to "lost profits" is a genuine issue of material fact. Summary judgment should therefore not be granted in this case.

██ The Magistrate Judge concluded that the Defendants have a guaranteed right to a jury trial under the Seventh Amendment of the United States Constitution. In this case, the only issue left to be tried is the damages issue. This is an "action at law", which the Seventh Amendment guarantees to litigants the right to a jury trial. *See Newell Companies, Inc. v. Kenney Mfg. Co.,* 864 F.2d 757, 763 (Fed.Cir.1988), *cert. denied,* 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 30 (1989) (stating that a party has a right to a jury trial in an action at law).

██ The Magistrate Judge reviewed the opinion of the Federal Circuit Court of Appeals that stated that the order "remands for reconsideration of the award of damages for

lost profits and the denial of pre-judgment interest." The Magistrate Judge cited *Wheeler v. John Deere Co.*, 935 F.2d 1090 (10th Cir.1991) and concluded that a new jury trial was required. Plaintiffs object to this recommendation, stating that the appellate court in *Wheeler* had previously reversed a judgment and specifically *remanded for a new trial.* Plaintiffs therefore assume that *Wheeler* is inapplicable in this case. The Court disagrees. Plaintiffs are attempting to circumvent a jury retrial on damages. Although the Circuit did not specifically remand for a new trial, the law in this area directs that this Court may not unilaterally determine the damage issue.

Finally, the Magistrate Judge determined that *Dimick v. Schiedt*, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935) establishes the Defendant's right to a jury trial on damages in this case. The *Dimick* case involved a right to a jury trial to determine damages in a personal injury case. Plaintiffs argue that this case is inapplicable, stating that *Dimick* specifically conducted an analysis of whether or not a jury trial was required under the Seventh Amendment in a *personal injury* case. The Court agrees with the Magistrate Judge that *Dimick* stands for the broad proposition that a judicial re-assessment of a prior jury's damage award would be in derogation of Defendant's Seventh Amendment right to a jury trial.

■ The Court has attempted to analyze the opinion from the Federal Circuit. Because of its ambiguity, the Court has no other alternative but to set this matter for trial. Further litigation is prompted because the Court cannot separate the question of lost profits from other damages. The question of lost profits cannot be decided in a vacuum.

It is therefore ORDERED that:

(1) The *Recommendation of United States Magistrate Judge*, filed August 2, 1993 is ADOPTED, and

(2) Plaintiffs' *Motion For Determination And Award of Damages*, is DENIED.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ABRAM, United States Magistrate Judge.

This matter comes before the Court regarding Plaintiffs' Motion for Determination and Award of Damages. Chief Magistrate Judge Donald E. Abram hereby makes the following recommendation.

Plaintiffs won a jury verdict and judgment in this Court in 1991. *See Oiness v. Walgreen Co.*, 774 F.Supp. 1277 (D.Colo.1991). Plaintiffs' Motion for a New Trial on the Issue of Damages was subsequently denied. The parties cross-appealed, and the Federal Circuit vacated the jury's determination of damages because giving the instruction requiring the jury to award "net profits" was misleading and reversible error, and there was no substantial evidence to support the jury's damage award. *Oiness v. Walgreen Co.*, 980 F.2d 742 (Fed.Cir.1992) (Unpublished disposition).

Plaintiffs now assert that this Court should determine the proper damage award, given the record from the jury trial and the legal guidance from by the Federal Circuit. Defendants oppose the motion, claiming that this Court does not have the discretion to unilaterally determine appropriate damages and that they have a Seventh Amendment right to a jury trial.

Defendants aver that the motion should be treated as a motion for summary judgment as to the award of damages and that it should be denied because issues of fact remain. The Court agrees that if the motion were treated as a motion for summary judgment it should be denied. Granting summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir.1991); *Devery Implement Company v. J.I. Case Company*, 944 F.2d 724, 726 (10th Cir.1991); *Ash Creek Mining Co. v. Lujan*, 934 F.2d 240, 242 (10th Cir.1991). At the Court's hearing on July 29, 1993, both parties

indicated that various factual disputes exist as to affidavits by experts and their opinions as to "lost profits," which are to be part of the damage calculation. In this case, granting summary judgment as to the issue of damages is inappropriate because the determination of damages is in the province of the jury and is a disputed factual issue. Therefore, summary judgment should not be granted as to the damage award.

Defendants next contend that they are guaranteed a trial by jury by the Seventh Amendment of the United States Constitution. They are correct. As the Fifth Circuit has stated:

> The Seventh Amendment of the Constitution not only preserves the right to trial by jury but assumes that 'no fact tried by a jury [ ] shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.'"
> *Murphy v. Flagler Beach,* 846 F.2d 1306, 1310 (11th Cir.1988); *Hawkes v. Ayers,* 537 F.2d 836, 837 (5th Cir.1976).

*Taylor v. Green,* 868 F.2d 162, 164 (5th Cir. 1989). The Court does not have the discretion to disregard the Seventh Amendment and likewise does not have the discretion to proceed without a jury in this case.

Additionally, the language of the Federal Circuit's opinion remanding the case for a determination of damages does not indicate that the district court is to unilaterally determine the proper amount of damages. In stating that the order "only vacates and remands for reconsideration of the award of damages for lost profits and of the denial of prejudgment interest" the Circuit states neither that the district court should unilaterally determine the proper damage award nor that a jury should decide. Because of this, the Court should look to relevant case law to decide the issue.

None of the cases cited by Plaintiffs stand for the proposition that when the Circuit vacates a judgment on a jury verdict that the district court may unilaterally determine appropriate damages. In fact, one of the cases Plaintiffs cite stands for the opposite proposition. In *Wheeler v. John Deere Co.,* 935 F.2d 1090 (10th Cir.1991), the plaintiff appealed a second jury's verdict, claiming that the court

should have entered judgment in the amount of the first jury's verdict. The Tenth Circuit disagreed:

> To 'reverse' a judgment means to 'overthrow, vacate, set aside, make void, annul, repeal, or revoke it.' A judgment reversed by a higher court is 'without any validity, force or effect, and ought never to have existed.' Reversal of a judgment and remand for a new trial places the parties in the same position, insofar as relief is concerned, as if the case has never been tried.

*Id.* at 1096 (citations omitted). The Court continued, stating "[t]he district court could no more reinstate the damages of the first verdict than it could substitute the second jury's award with a larger sum pulled out of a magically appearing hat. *See* Dr. Seuss, *The 500 Hats of Bartholomew Cubbins* (1938)." *Id.* Plaintiffs in this case are asking the Court to do precisely what the Tenth Circuit stated it cannot do—substitute its award for the jury's. The Court has no way of knowing how a jury would interpret the evidence in light of the new instructions, and to do so would be highly inappropriate and improper.

The other cited cases by Plaintiffs in which the Court determined damages without the aid of a jury are distinguishable. Most of the underlying cases were bench trials, where the determination of damages could be made because the trier of fact was the same in both instances. *Hennessy v. Schmidt,* 583 F.2d 302, 307 (7th Cir.1978); *Trio Process Corp. v. L. Goldstein's Sons, Inc.,* 533 F.2d 126 (3rd Cir.1976); *White v. Callaway,* 501 F.2d 672, 673 n. 1 (5th Cir.1974). Other cases involved instances where no new evidence would be heard (*White v. Callaway, supra*); where there was no challenge to credibility, integrity or competence of witnesses (*Hennessy v. Schmidt, supra*); where the appellate court determined that the preestablished record was sufficient to resolve the case (*Dowell v. Board of Education,* 778 F.Supp. 1144 (W.D.Okla.1991)); or where all that was required was for the district court to make more specific and further findings (*Otero v. Mesa County Valley School Dist.,* 628 F.2d 1271 (10th Cir.1980)). In short, Plaintiffs have not cited any case law to support its

proposition or to contradict the Tenth Circuit's opinion in *Wheeler v. John Deere Co.,* *supra.* Therefore, this Court cannot unilaterally determine the correct amount of damages in this case without a trial to a jury.

In conclusion, the United States Supreme Court has addressed this issue and has stated:

> Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of injury by an assessment of damages.

*Dimick v. Schiedt,* 293 U.S. 474, 482, 55 S.Ct. 296, 299, 79 L.Ed. 603 (1935). In this case, Defendants are entitled to have a jury assess the damages to Plaintiffs. Therefore, the Motion for Determination and Award of Damages should be hereby denied.

IT IS THEREFORE RECOMMENDED that Plaintiffs' Motion for Determination and Award of Damages be hereby denied.

FURTHER, IT IS ORDERED that pursuant to Fed.R.Civ.P. 72(b), the parties herein shall have ten (10) days after service hereof to serve and file written, specific objections hereto. If no such objections are timely filed, the Magistrate's proposed findings and recommendations may be accepted by the District Judge and appropriate orders entered without further notice.

DATED at Denver, Colorado this 2nd day of August, 1993.