16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 LUIGI AND IOLE B. PUCCINI TESTAMENTARY TRUST, Plaintiff-Appellant,
v.
John R. GARDNER, Executor of the Estate of Hubert R.
Gardner, deceased; Howard G. Hall, Defendants-Appellees.
 No. 93-2006.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1993.
 
 1
 Before ANDERSON and EBEL, Circuit Judges, and WINDER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff, the Luigi and Iole B. Puccini Testamentary Trust, appeals an order of the district court holding for defendants. Before we can address the merits of this appeal, however, we must consider two issues: (1) whether the district court correctly denied plaintiff's motion for an extension of time within which to file its notice of appeal, and (2) if not, did the notice of appeal adequately identify the parties appealing as required by Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988).
 
 
 4
 The district court entered final judgment in this case September 8, 1992. On November 12, 1992, plaintiff filed a motion for an extension of time within which to file its notice of appeal. The district court denied that motion December 23, 1992. Plaintiff filed a timely notice of appeal from that order December 31, 1992, thus giving us jurisdiction to address the correctness of the order.
 
 
 5
 A notice of appeal must be filed within thirty days of the entry of final judgment. See Fed.R.App.P. 4(a). This filing is both mandatory and jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). However, a party may extend this time by filing (1) a "tolling motion" pursuant to Rule 4(a)(4); (2) a motion for an extension of time within which to file a notice of appeal pursuant to Rule 4(a)(5); (3) a motion to reopen the time for appeal pursuant to Rule 4(a)(6); (4) a motion for relief from final judgment because of mistake, inadvertence, surprise, or excusable neglect pursuant to Fed.R.Civ.P. 60(b)(1); or (5) a motion for relief from final judgment for any other reason justifying such relief pursuant to Rule 60(b)(6).
 
 
 6
 Plaintiff does not, nor could it, because the motion was not filed within ten days of the entry of final judgment, argue that its motion should be considered a tolling motion. See Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703-04 (10th Cir.1988)(motion filed within ten days of entry of judgment questioning the correctness of that judgment will be treated as filed under Fed.R.Civ.P. 50(e) which tolls the time for taking an appeal). Plaintiff does argue it was entitled to relief under all the other available rules because neither it nor counsel received a copy of the district court's judgment. Plaintiff was unaware final judgment had been entered until it was notified by "associate counsel" in Tennessee that such judgment "may have been entered."
 
 
 7
 Plaintiff argues it should have been granted relief under Rule 4(a)(5) because it made a proper showing of "excusable neglect or good cause." A Rule 4(a)(5) motion must be "filed not later than 30 days after the expiration of the time prescribed" for filing a notice of appeal, here October 8, 1992. Plaintiff filed its motion November 12, 1992. To construe plaintiff's motion as falling under this rule would mandate a finding that the motion was untimely.
 
 
 8
 Plaintiff also argues it should have been granted relief under either Rule 60(b)(1) or (6). This court has directed the granting of relief under Rule 60(b) only in cases in which a party shows not only failure to receive notice of the entry of judgment, but also due diligence or a sufficient reason for the lack of due diligence. See Wallace v. McManus, 776 F.2d 915, 917 (10th Cir.1985). Rule 60(b) relief has been granted when a party takes an action, which, if properly done, would postpone the deadline for filing a notice of appeal, and it relies on the district court's affirmative statement that the act was properly done. See Thompson v. INS, 375 U.S. 384, 387 (1964). Rule 60(b) relief has also been granted when "an uncounselled incarcerated civil rights plaintiff" was misled by "a clerical error that was none of her doing and of which she had no knowledge," McManus, 776 F.2d at 917. Plaintiff is clearly not entitled to Rule 60(b) relief.
 
 
 9
 The district court construed plaintiff's motion as one falling under Rule 4(a)(6). Rule 4(a)(6) provides that the
 
 
 10
 district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 
 
 11
 The district court found plaintiff had not met the requirements of Rule 4(a)(6) because plaintiff did not file its motion within seven days after it had obtained notice of the entry of the judgment. The court also found defendants would be prejudiced by reopening the time for appeal.
 
 
 12
 In order to examine this ruling, we must first present some of the facts underlying this action. Plaintiff commenced this action in 1985 seeking over three million dollars in future rentals it alleged defendants owed it under the terms of two leases entered into in 1963 and 1971. The district court found for defendants and plaintiff appealed.
 
 
 13
 This court remanded the case for further proceedings and the district court entered judgment for plaintiff. Prior to the entry of final judgment, defendant Gardner passed away and probate proceedings were initiated in Tennessee. Plaintiff retained counsel in Tennessee and filed a claim in Mr. Gardner's probate proceedings seeking to collect on the judgment. Defendants filed a timely motion to alter or amend judgment[2] in the New Mexico action and upon consideration thereof, the district court entered final judgment for defendants. The district court's records show that notice of this judgment was not sent to New Mexico counsel.
 
 
 14
 On October 15, 1992, plaintiff's Tennessee counsel was notified by defendants that final judgment had been entered. Defendants suggested that plaintiff withdraw its claim in the probate proceedings. Defendants' counsel forwarded a copy of the judgment to Tennessee counsel. Tennessee counsel mailed a copy of the judgment to New Mexico counsel on October 29, 1992. New Mexico counsel filed its motion for an extension of time within which to appeal November 12, 1992.
 
 
 15
 The district court denied the motion on the ground that New Mexico counsel received adequate notice of the entry of judgment October 9, 1992, when defendants' counsel provided notice to Tennessee counsel. Pursuant to Rule 4(a)(6), counsel then had seven days within which to request reopening the time for appeal.
 
 
 16
 We review the district court's determination of whether to grant a motion for an extension of time within which to file a notice of appeal for an abuse of discretion. Cf. Gooch v. Skelly Oil Co., 493 F.2d 366, 368 (10th Cir.) (addressing standard of review employed for motion requesting extension of time to file a notice of appeal), cert. denied, 419 U.S. 997 (1974). Here, we hold that the district court erred in its determination that notice to Tennessee counsel would be imputed to New Mexico counsel.
 
 
 17
 The law of agency can be applied to the client-counsel relationship. See Harold G. Reuschlein, William A. Gregory, "Handbook on the Law of Agency and Partnership" 21 (1979). Here, plaintiff, in effect, employed two "agents": counsel in Tennessee and counsel in New Mexico. See 2A C.J.S. Agency 31 (1973)(principal not restricted as to number of agents who may be employed).
 
 
 18
 Generally, an agent's knowledge is imputed to the principal. See 3 C.J.S. Agency 443 (1973). Imputed or constructive knowledge is imposed upon a principal to avoid the injustice which would result if the principal, by having an agent conduct his business for him, could thus shield himself from the consequences which would ensue had the principal transacted his own business in person. See First Alabama Bank v. First State Ins. Co., 899 F.2d 1045, 1060 n.8 (11th Cir.1990). The purposes of constructive knowledge would not be furthered here by imputing knowledge obtained by Tennessee counsel to either the principal or New Mexico counsel.[3] The agency of Tennessee counsel was limited to the case Tennessee counsel was working on.
 
 
 19
 Because we have concluded that the district court erroneously imputed Tennessee counsel's knowledge to New Mexico counsel, we must determine when New Mexico counsel did receive actual notice of the entry of final judgment. Both Tennessee and New Mexico counsel agree Tennessee counsel sent a letter to New Mexico counsel which included copies of the final judgment on October 29, 1992. Allowing three days for mailing, cf. Fed.R.Civ.P. 6(e), New Mexico counsel received notice on November 2, 1992. New Mexico counsel then had seven days, excluding weekends and holidays, see Rule 6(a), or until November 12, 1992, to file its motion. Counsel filed the motion November 12, 1992.
 
 
 20
 The apparent timeliness of counsel's filing does not conclude our inquiry, however. The district court also denied plaintiff's motion on the ground that defendants would be prejudiced by reopening the time for appeal because the Tennessee probate proceedings, pending since February 1991, would continue unresolved for an even longer period of time. We must disagree. This court's order and judgment was entered January 8, 1990. On November 13, 1990, the district court entered judgment for plaintiff. The district court granted defendants' motion to alter or amend judgment and entered judgment for defendants September 8, 1992. The case became final for appeal purposes December 23, 1992.
 
 
 21
 While we agree the Tennessee probate proceedings should be concluded as quickly as possible for the benefit of the beneficiaries, we fail to see how this further delay on appeal of approximately one year would prejudice defendants more than the district court's delay of almost twenty-two months in ruling on defendants' motion to amend judgment. We conclude the district court erred in denying plaintiff's motion which it properly construed as falling under Rule 4(a)(6). Plaintiff's notice of appeal is hereby deemed timely.
 
 
 22
 The second jurisdictional issue we must address is whether plaintiff's notice of appeal adequately identified "the party or parties taking the appeal." Fed.R.App.P. 3(c). "The failure to name a party in a notice of appeal is more than excusable 'informality'; it constitutes a failure of that party to appeal." Torres, 487 U.S. at 314. Here, plaintiff's notice of appeal read that "Plaintiffs, Luigi and Iole B. Puccini Testamentary Trust, et al., hereby appeal...." Appellant's App. at 89. In Torres, the Court held that the use of the phrase "et al.," does not provide adequate notice. 487 U.S. at 318.[4]
 
 
 23
 This court has held that where the notice of appeal identifies a "trust, et al.," only the trust has perfected the appeal and, therefore, this court will consider only issues affecting the trust's liability and not that of the individual trustees. See Pratt v. Petroleum Prod. Management, Inc. Employee Sav. Plan & Trust, 920 F.2d 651, 657 (10th Cir.1990); cf. United States v. Spurgeon, 861 F.2d 181, 183 (8th Cir.1988)(because neither trust nor any person asserting interest of the trust was named as an appellant, appeal was dismissed to extent trust sought review of district court's rulings); but see Albedyll v. Wisconsin Porcelain Co. Revised Retirement Plan, 947 F.2d 246, 252 (7th Cir.1991) (notice "technically defective" because only the plan was named in the caption: "permitting the plan to proceed independently might lead to inconsistent judgments among the defendants, since the district court order would remain in effect as against the trustees and the partnership.").
 
 
 24
 Here, plaintiff trust is seeking to impose liability on defendants and to receive a money judgment which would increase the corpus of the trust. Management and/or distribution of that corpus by the trustees is not at issue. The notice of appeal adequately identified the trust as the party taking the appeal. We have jurisdiction over this appeal.
 
 
 25
 Plaintiff asks that we construe this appeal as a request for mandamus because the district court exceeded this court's mandate on remand. Mandamus is a drastic remedy which is available only in extraordinary circumstances. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34-35 (1980). Here, plaintiff can raise the issue of the scope of this court's remand on appeal. Mandamus is not available. See Kerr v. United States Dist. Court, 426 U.S. 394, 403 (1976)(mandamus is not appropriate if other means of addressing an issue are available).
 
 
 26
 On the merits, plaintiff argues that the district court exceeded this court's mandate on remand. This court held that the district court had erred in one of its conclusions of law and remanded the case "for further proceedings." Appellant's App. at 10. This order does not, as plaintiff argues, require the district court to enter judgment for plaintiff. We determined only that the district court's judgment was in error because it was based on an erroneous conclusion of law. On remand the district court was free to make new or additional findings of fact or conclusions of law, and to enter judgment for plaintiff or reenter judgment for defendants. See Hicks v. Gates Rubber Co., 928 F.2d 966, 971 (10th Cir.1991)(when proceeding on general remand, district court is free to decide matters not foreclosed by mandate). The district court may receive additional evidence or may rely on the record before it. See Otero v. Mesa County Sch. Dist. No. 51, 628 F.2d 1271, 1272 (10th Cir.1980). We find no error in the procedure the district court employed here.[5]
 
 
 27
 Defendants have requested sanctions against plaintiff for taking a frivolous appeal. Defendants' motion is DENIED. Counsel for both parties are admonished that we strongly disapprove of the tone and content of the numerous briefs filed in this court. Counsel are further encouraged to read this court's rules regarding the number of briefs to be filed in this court.
 
 
 28
 All remaining outstanding motions are DENIED. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Plaintiff argues that the district court could not entertain this motion because the court had already entered final judgment and defendants had failed to assert any of the elements required by Fed.R.Civ.P. 60(b). Defendants filed the motion within ten days of the entry of final judgment. The judgment is thus construed as one filed pursuant to Rule 59(e). See Skagerberg v. Oklahoma, 797 F.2d 881, 882-83 (10th Cir.1986). The district court had jurisdiction over this motion
 
 
 [3]
 Tennessee counsel and New Mexico counsel were not members of the same firm. Thus the knowledge of Tennessee counsel cannot be imputed to New Mexico counsel under this principle. See In re Airport Car Rental Antitrust Litig., 470 F.Supp. 495, 505 (N.D. Cal.1979)
 
 
 [4]
 Citing to Sweger v. Texaco, Inc., 930 F.2d 35 (10th Cir.1991)(table), an unpublished order and judgment, plaintiff argues that this court has held the parallel phrase "et ux." sufficient where there could be no mistake as to the identity of the appellant. As we noted in Sweger, "et ux." means "and wife" and, therefore, refers to only one person. See Black's Law Dictionary 497 (5th ed.1976). "Et al." means "and others" and thus refers to more than one person. Id. at 496
 
 
 [5]
 We do not address the correctness of the district court's ruling as plaintiff has not challenged any of the district court's additional findings of fact or conclusions of law. Further, the record as submitted would not permit us to make such a review. See 10th Cir. R. 10.3 ("it is counsel's responsibility to see that the record on appeal is sufficient for consideration and determination of the issues on appeal. The court is under no obligation to remedy any failure of counsel to fulfill that responsibility.")