MEGADYNE MEDICAL PRODUCTS,
Plaintiff,

v.

AARON MEDICAL INDUSTRIES,
et al., Defendants.

No. 96–C–233 C.

United States District Court,
D. Utah,
Central Division.

Dec. 17, 1996.

Harold G. Christensen, Rodney R. Parker, Snow, Christensen & Martineau, Salt Lake City, UT, William L. Anthony, Jr., Robert Deberardine, Brobeck, Phleger & Harrison LLP, Palo Alto, CA, for plaintiff.

Arthur W. Fisher, III, Tampa, FL, L. Craig Metcalf, David B. Fonda, Madson & Metcalf, Salt Lake City, UT, for defendants.

## ORDER

BOYCE, United States Magistrate Judge.

Plaintiff, Megadyne Medical Products, has made a motion for a jury trial. Plaintiff's suit is based on a claim that it is the holder of a patent for a surgical knife and that the defendant Aaron Medical Industries has infringed the patent. The suit seeks damages and equitable relief for the alleged infringement. The plaintiff did not make a jury demand with its complaint or request a jury within the time required by Rule 38, F.R.C.P. At the time of initial pretrial on September 5, 1996 the plaintiff became aware of the fact that it had not requested a jury and stated that that matter had been overlooked and a request for a jury trial would be made. Thereafter, on September 10, 1996 plaintiff made its motion for a jury.

 The plaintiff acknowledges its failure to make a demand for a jury was due to inadvertence. However, the failure to make a timely demand for a jury trial is a waiver of that right. *American Fidelity & Cas. Co. v. All Am. Bus Lines,* 190 F.2d 234 (10th Cir. 1951); *Jolivet v. Deland,* 966 F.2d 573 (10th Cir.1992); Rule 38(a) F.R.C.P. The plaintiff's opportunity for a jury trial is thereafter subject to the court's discretion. Rule 39(b) F.R.C.P.; *Paramount Pictures Corp. v. Thompson Theatres, Inc.,* 621 F.2d 1088 (10th Cir.1980). The trial court has broad discretion in determining whether to grant a jury trial. *Land v. Roper Corp.,* 531 F.2d 445 (10th Cir.1976); *F.D.I.C. v. Palermo,* 815 F.2d 1329, 1333 (10th Cir.1987). The same standard is applicable in patent cases. *Scaramucci v. Dresser Industries,* 427 F.2d 1309 (10th Cir.1970).

In *AMF Tuboscope Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir.1965) the court said "absent strong and compelling reasons to the contrary a district court should exercise its discretion under Rule 39(b) and grant a jury trial." The Court reaffirmed that position by dicta in *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir.1992) (mandamus not available to grant jury trial absent an abuse of discretion). Recently, in *Green Const. Co. v. Kansas Power and Light*, 1 F.3d 1005 (10th Cir.1993), the court again recognized the broad discretion of the trial court in granting a jury trial under Rule 39(b). Id. P. 1011. The court restated the same "strong and compelling reasons standard" of *AMF Tuboscope*, supra. In addition, the court held that merely because the issues are complex is not a basis to deny a jury trial Id. P. 1011. "However, juries are commonly called upon to decide complex cases." Id. In *Paramount Pictures Corp.*, supra, the court did indicate that complexity could be considered by the court. In this case the issues of the patent claim are complex but not so difficult that a jury would be confused. If complexity were the determining issue in a patent case a jury would be denied if not requested within the time required by Rule 38, F.R.C.P.

This court will be required to construe the patent involved in the case and give an interpretation and definition to it. *Markman v. Westview Instruments Inc.*, — U.S. —, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). A jury would thereafter consider infringement, Id., validity (factual aspects of nonobviousness); *Jurgens v. McKasy*, 927 F.2d 1552 (Fed.Cir.1991); see also *Newell Companies v. Kenney Mfg.*, 864 F.2d 757 (Fed.Cir.1988); *In re Lockwood*, 50 F.3d 966 (Fed.Cir.1995) vacated other grounds — U.S. —, 116 S.Ct. 29, 132 L.Ed.2d 911 (1995), and damages *Oiness v. Walgreen Co.*, 838 F.Supp. 1420 (D.Colo.1993). In this case therefore, there are several issues that would be appropriate for jury decision. The court has previously denied equitable relief to plaintiff by way of preliminary injunction so that fact issues, beyond the *Markman* interpretation and the equitable interests, appear to exist that would fairly support the use of a jury. *Beacon Theatres v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). In addition, the defenses to an infringement action, if they are legal, rather than equitable, are jury issues. Therefore, unless the case is resolved on dispositive motions, there will be jury issues.

■ The defendant contends that to grant the jury request would be prejudicial to it. However, defendant has not made a showing of actual or real prejudice. See *Moody v. Pepsi–Cola Metro. Bottling Co.*, 915 F.2d 201 (6th Cir.1990). The legal and equitable issues will be resolved by the court. The jury would resolve only the contested factual issues. The same evidence would be required for jury or judge and the trial date is a substantial period away. Discovery will not be impaired. Costs will not be significantly increased and the trial will be only a small measure longer because of a jury. Defendant must show more prejudice beyond a change in the nature of the fact finder *Figueroa v. Pratt Hotel Corp.*, 158 F.R.D. 306 (S.D.N.Y.1994). It has not done so.

■ The fact that the case is a patent case does not per se require a finding that a judge determination would be more accurate or more in keeping with sound judicial administration. Therefore, in light of *AMF Tuboscope* and *Green Const. Co.*, the court should grant plaintiff's request for a jury.

Based on a consideration of the factors relevant to plaintiff's motion, **IT IS HEREBY ORDERED** the plaintiff's motion for a jury trial is granted.